**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Melvin Troy Twoshields, | ) | |
| | ) | Case No. 1:06-cr-019 |
| Defendant. | ) | |

___

On January 30, 2006, the defendant made his initial appearance on a complaint charging him with the offense of second degree murder. After advising the defendant of his rights and the nature of the charges contained in the complaint, the court ordered him detained pending a hearing on a Motion to Detain filed by the government.

On February 3, 2006, the court convened a detention hearing and preliminary hearing. The court found probable cause to believe that the offense as charged in the complaint had been committed and the defendant waived his right to challenge the government's motion seeking to detain him until the time of trial. The court ordered that he be held in the custody of the Attorney General, but indicated it might willing to hold a later hearing to consider whether halfway house confinement at Centre Inc., might be appropriate if bed space were to become available.

The defendant was subsequently indicted by the Grand Jury. The Indictment returned by the Grand Jury charged him with the offense of assault resulting in serious bodily injury in addition to the offense of second degree murder.

On April 18, 2006, the court was informed that a bed had opened up at Centre, Inc., and could be held for the defendant until April 20, 2006. Consequently, the court conducted a hearing

1

on April 19, 2006, in Bismarck to take up the issue of the defendant's release into the third-party custody of Centre, Inc.  AUSA Rick Volk appeared on the government's behalf.  Federal Public Defender Orell Schmitz appeared on the defendant's behalf.  Given the short notice of the available bed space coupled with the fact that the defendant is being housing in a correctional facility located in Dickinson, North Dakota, the defendant's appearance could not be arranged.

    At the hearing, the parties reviewed the evidence presented to the court at the defendant's previous detention hearing and preliminary hearing.  In addition, Rosalyn Buffalo Boy, the alleged victim's sister, testified briefly upon her request.

    The court has again reviewed the report prepared by Pretrial Services that was marked as an exhibit at the earlier detention hearing and, given the nature of the offenses charged in the Indictment coupled with the defendant's pattern of conduct predating the offenses charged, which includes numerous state and tribal convictions for alcohol related offenses, assaults, and one escape, the court concludes that release of the defendant into the third-party custody of Centre, Inc. is not appropriate given the lack of necessary security and that the government has demonstrated by clear and convincing evidence that the defendant remains a danger to the community.  In so ruling the court placed no reliance upon the testimony of Rosayln Buffalo Boy and has based its decision solely upon the evidence presented at the prior hearing, except for considering the fact that the grand jury has now returned an indictment.  Accordingly, the court will not order a change in the defendant's custodial arrangement at this time.  However, in light of the fact that the defendant was not present at the hearing, the court will afford the defendant an opportunity to revisit this matter upon request of the defendant as future bed space becomes available at Centre, Inc.

    **IT IS SO ORDERED.**

Dated this 20th day of April, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge