**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION FOR NEW TRIAL** |
| | ) | |
| v. | ) | |
| | ) | |
| Melvin Troy Two Shields, | ) | Case No.  1:06-cr-019 |
| | ) | |
| Defendant. | ) | |

Before the Court is defendant Melvin Two Shields' Motion for New Trial filed on July 19, 2006.  The Government has filed a response opposing the motion.  For the following reasons, the motion is denied.

I.       **BACKGROUND**

On July 13, 2006, after a three-day jury trial, the defendant, Melvin Troy Two Shields, was found guilty of murder in the second degree and assault resulting in serious bodily injury.  See Docket No. 44.  The Defendant now seeks a new trial based upon a perceived error in this Court's pretrial order dated June 27, 2006, wherein the Court granted a motion in limine filed by the Government to exclude a nonverbal hearsay statement by the deceased victim.  See United States v. Two Shields, __ F. Supp. 2d __, 2006 WL 1737486 (D. N.D. June, 27, 2006); Docket No. 31. The specific details surrounding the statement in question are outlined in the Court's previous order. However, to briefly summarize, the victim was asked whether the defendant, Melvin Troy Two Shields, had caused his injuries.  The victim responded by shaking his head in the negative.  The Government moved to exclude this evidence as inadmissible hearsay.  The Defendant opposed that

motion on the grounds that the statement was admissible under numerous exceptions to the rule against hearsay, including the residual exception.[1]  See Fed. R. Evid. 807.

In granting the Government's motion, the Court held that the victim's nonverbal statement lacked necessary guarantees of trustworthiness for admissibility under the residual exception.  See United States v. Two Shields, __ F. Supp. 2d __, 2006 WL 1737486, *5-6 (D. N.D. June, 27, 2006); Docket No. 31.  The Court relied upon several factors in reaching such a conclusion: (1) the victim's level of intoxication, mental awareness, and degree of injury at the time of the statement; (2) the contradictory nature of the statement; and (3) the ambiguous nature of the nonverbal statement.

The Defendant now moves for a new trial under Rule 33(a) of the Federal Rules of Criminal Procedure contending that the Court erroneously excluded the evidence by considering, and relying upon, factors which speak not to the admissibility of the evidence, but to its credibility.  In doing so, the Court overstepped its gatekeeper role and invaded the province of the jury.  For that perceived error, the Defendant requests a new trial.  The Government opposes the motion.

## II.   **LEGAL DISCUSSION**

Rule 33(a) of the Federal Rules of Criminal Procedure provides as follows:

> Defendant's Motion.  Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.  If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

A trial court has broad discretion in deciding whether or not to grant a new trial.  See United States v. Walker, 393 F.3d 842, 848 (8th Cir. 2005).  The Eighth Circuit has made it clear that "[m]otions

---

[1]The Defendant also raised the statement under belief of impending death and statement against interest exceptions to the rule against hearsay.  See Fed. R. Evid. 804(b)(2) and (b)(4).  For purposes of this present motion, the Defendant seems to have abandoned these two exceptions and instead relies entirely on the residual exception.

for new trial are generally disfavored and will only be granted where 'a serious miscarriage of

justice may have occurred.'"  United States v. Rice, 449 F.3d 887, 893 (8th Cir. 2006) (citations

omitted).  To make such a showing, the Defendant cites to an alleged misapplication of the residual

exception to the rule against hearsay in the Court's order dated June 27, 2006.  See Docket No. 31.


To quote from the Court's previous order:

The residual exception, codified at Rule 807 of the Federal Rules of Evidence, has
been summarized by the Eighth Circuit as follows:

> In order for testimony to be admissible under Rule 807 there must be
> a showing that (1) the statement has equivalent circumstantial
> guarantees of trustworthiness to the other hearsay exceptions; (2) the
> statement is offered as evidence of a material fact; (3) the statement
> is more probative on the point for which it is offered than any other
> evidence which the proponent can procure through reasonable efforts;
> (4) the general purposes of the rules and the interests of justice will
> best be served by its admission; and (5) adequate notice must be
> given to the opposing party.

United States v. Peneaux, 432 F.3d 882, 891 (8th Cir. 2005) (citing Fed. R. Evid.
807; United States v. Balfany, 965 F.2d 575, 581-82 (8th Cir. 1992)).[2]  "The residual
exception 'accommodates ad hoc instances in which a statement not otherwise falling
within a recognized hearsay exception might nevertheless be sufficiently reliable to
be admissible at trial.'"  United States v. Turning Bear, 357 F.3d 730, 737 (8th Cir.
2004) (quoting Idaho v. Wright, 497 U.S. 805, 817 (1990)).

---

[2]Rule 807 of the Federal Rules of Evidence reads in full as follows:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial
guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A)
the statement is offered as evidence of a material fact; (B) the statement is more probative on the
point for which it is offered than any other evidence which the proponent can procure through
reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best
be served by admission of the statement into evidence. However, a statement may not be admitted
under this exception unless the proponent of it makes known to the adverse party sufficiently in
advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to
meet it, the proponent's intention to offer the statement and the particulars of it, including the name
and address of the declarant.

United States v. Two Shields, __ F. Supp. 2d __, 2006 WL 1737486, *4-5 (D. N.D. June, 27, 2006).

It is well-established that to be admissible under Rule 807, the proffered statement must have circumstantial guarantees of trustworthiness commensurate to the other hearsay exceptions. "In assessing the qualitative degree of trustworthiness of a particular statement, courts should inquire into the reliability of and necessity for the statement." United States v. Earls, 113 F.3d 796, 800 (8th Cir. 1997) (citing United States v. Carlson, 547 F.2d 1346, 1354 (8th Cir. 1976)). "[A]s the trustworthiness of a statement increases, the justification for excluding it decreases." United States v. Peneaux, 432 F.3d 882, 892 (8th Cir. 2005) (citations omitted). There is no question that the Court must evaluate the circumstances under which the statement was made in order to determine the admissibility of evidence pursuant to Rule 807.

The Court previously found that:

> Having carefully reviewed the entire record, the Court expressly finds that Thomas BuffaloBoy's statement lacks the equivalent guarantees of trustworthiness exhibited by other hearsay exceptions. BuffaloBoy's physical and mental health at the time of the statement is seriously in question. The Court finds that his blood alcohol concentration, coupled with his severe head injury, calls into serious question the veracity of the non-verbal statement. BuffaloBoy was unable to recall even his own age. To that end, Dr. Roller indicated that Thomas BuffaloBoy was incoherent and unintelligible. Further, BuffaloBoy's statement to Kathleen BuffaloBoy directly contradicts previous verbal statements he had made to family members and medical professionals. Finally, BuffaloBoy's statement is merely a head gesture. By their very nature, head gestures are far less clear than verbal or hand written responses. A head gesture is susceptible to multiple interpretations or misinterpretations, as exhibited by the statements of Kathleen BuffaloBoy and Davita Ann Dunn. In summary, Thomas BuffaloBoy's statement, in light of all the evidence presented, lacks the necessary guarantees of trustworthiness required to be admissible under the residual exception to the rule against hearsay.

United States v. Two Shields, __ F. Supp. 2d __, 2006 WL 1737486, *5-6 (D. N.D. June, 27, 2006).

Having carefully reviewed the record, the Court finds no basis for reversing its previous order.  The Court also finds that the Defendant has not established that a "serious miscarriage of justice may have occurred" as to warrant a new trial.  The Court, in its discretion, denies the Defendant's motion.

### III.   <u>CONCLUSION</u>

For the reasons set forth above, the Defendant's Motion for New Trial is **DENIED**.  (Docket No. 45).

**IT IS SO ORDERED.**

Dated this 7th day of August, 2006.

*/s/  Daniel L. Hovland* _____
Daniel L. Hovland, Chief Judge
United States District Court

5