## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United State of America, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO PRODUCE** |
| Plaintiff, | ) | **TRANSCRIPTS, FOR EXTENSION** |
| | ) | **OF TIME TO FILE PETITION UNDER** |
| vs. | ) | **28 U.S.C. § 2255, AND TO APPOINT** |
| | ) | **COUNSEL** |
| | ) | |
| Melvin Two Shields, | ) | Case No. 1:06-cr-19 |
| | ) | |
| Defendant. | ) | |

Before the Court are three motions filed by the defendant, Melvin Two Shields, requesting the appointment of counsel, an extension of time to file a habeas corpus petition under 28 U.S.C. § 2255, and the production of transcripts. See Docket Nos. 66, 67, and 68. The motions were filed on July 14, 2008. The Government filed replies to the motions on July 15, 2008. See Docket Nos. 69, 70, and 71. For the reasons set forth below, the motions are denied.

On July 14, 2006, a jury found Two Shields guilty of second degree murder and assault resulting in serious bodily injury. See Docket No. 44. Two Shields was sentenced to 360 months on count 1 and 120 months imprisonment on count 2, to run concurrent. See Docket No. 54. Two Shields appealed and the Eighth Circuit Court of Appeals affirmed the conviction and sentence. See Docket No. 60-2; United States v. Two Shields, 497 F.3d 789 (8th Cir. 2007).

Two Shields moves the Court to appoint counsel to assist in filing a petition under 28 U.S.C. § 2255. There is neither a constitutional nor statutory right to counsel in habeas proceedings. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). Several factors guide the Court's evaluation as to whether a petitioner needs court-appointed counsel. These factors include the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court-appointed counsel. Id.

After considering these factors, the Court denies Two Shields' motion to appoint counsel.  Two Shields has provided no information concerning the factual or legal complexity of the case nor any factual or legal basis for his prospective petition under 28 U.S.C. § 2255.  The Court finds that this factor does not weigh in favor of appointing counsel.  In his motion, Two Shields states that he has "been deemed by a psychologist to have a low IQ and to be mentally incompetant (sic).  And [that he has] trouble understanding the legal aspects of this case, and its terminology."  See Docket No. 66.  No evidence has been provided in support of this broad and generalized allegation.  Two Shields has filed numerous motions with the Court and has adequately articulated the relief he seeks.  The Court, in its discretion, denies Two Shields' request for court-appointed counsel.

Two Shields also requests "a 60 day extension of time to file my 2255."  See Docket No. 67.  A motion for extension alone does not present a "case or controversy" as required by Article III in order for a court to have jurisdiction.  Ramirez v. United States, 461 F. Supp. 2d 439, 440 (E.D. Va. 2006).  For a court to have jurisdiction over a motion for extension of time to file a Section 2255 petition, the motion must be either (i) filed concurrently with or after a 28 U.S.C. § 2255 petition or (ii) be construed as a § 2255 petition itself.  Id.  To be construed as a § 2255 petition itself, the motion for extension of time must contain "allegations sufficient to support a claim under section 2255."  Id. at 441.

Two Shields failed to provide any factual or legal basis for the submission of a petition under 28 U.S.C. § 2255,.  The Court finds that Two Shields' motion for extension of time is not accompanied by a § 2255 motion and Two Shields has wholly failed to set forth any allegations sufficient to support a claim for relief under 18 U.S.C. § 2255.

Finally, Two Shields has filed a motion to produce his "trial transcripts and sentencing so that [he] may file my 2255."  See Docket No. 68.  Two Shields makes no reference to the payment of any fees associated with the production of the requested documents.

The statute governing fees for transcripts, 28 U.S.C. § 753(f), provides in part that transcripts may be furnished without charge to indigent persons "in proceedings brought under [28 U.S.C.] section 2255 . . . if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented."  The Eighth Circuit Court of Appeals has held "that any request for a free transcript prior to the filing of a section 2255 complaint is premature."  United States v. Losing, 584 F.2d 289, 291 (8th Cir. 1978).  Because Two Shields has not filed a petition under 28 U.S.C. § 2255, the Court finds that the request for a free transcript is premature.

The Court, in its discretion, finds that it is without jurisdiction to consider Two Shields' motion for extension of time to file a petition under 28 U.S.C. § 2255, and that Two Shields is not entitled to the appointment of counsel.  Further, the Court finds that Two Shields' motion for the production of transcripts is premature.  The Court **DENIES** Two Shield's motion to appoint counsel (Docket No. 66), motion for extension of time to file a petition under 28 U.S.C. § 2255 (Docket No. 67), and motion for transcripts (Docket No. 68).

**IT IS SO ORDERED.**

Dated this 16th day of July, 2008.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court